IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEANDRE THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-2032 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Deandre Thomas has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

As directed, the Government filed a Response.

The Petitioner has also filed a Supplement to the Motion.

Upon reviewing the record, the Court concludes that an evidentiary hearing is not warranted.

## I.  BACKGROUND

In March 2016, Deandre Thomas was charged by Indictment with possession of a firearm by a felon (Count 1); possession with marijuana with intent to distribute (Count 2); and carrying a firearm during a drug crime (Count 3). *See United States v. Thomas*, 2:16-cr-20020-CSB-EIL.

On September 9, 2016, following his consent to proceed before a magistrate judge, Thomas appeared before United States Magistrate Judge Eric Long and pled guilty to each of the three counts. Thomas did not enter in to a plea agreement with the United States.

During the plea colloquy, Thomas stated that he had talked to counsel about his case in general and was satisfied with her representation and advice throughout the case. Later in the hearing, Thomas reiterated he had talked to counsel about the charges he faced. Counsel for the Government stated the factual basis for the Government's case if it were to go to trial. Thomas's counsel agreed that the Government would be able to call witnesses who would testify substantially to those facts.

The magistrate judge then inquired of Thomas regarding the factual basis supporting his plea. When asked by the magistrate judge whether the gun was his, Thomas first stated "I didn't own the gun but the gun was in the car." After further inquiry, Thomas stated "I did not know the gun was in the car, but, I believe that – I mean that – it was there in my possession." He stated he had never seen the gun before and did not know it was in his possession. The magistrate judge responded, "I'm confused then as to why it is that you say that you admit that it was in the car[.]." Thomas responded, "I mean, because it was in the car. That's – that's what I was told." He further said he did not know who owned the gun.

2

After talking to Thomas, counsel clarified that Thomas did not own the weapon but was aware of its presence. She further stated, "And by the theory of constructive possession, if we had gone to a jury trial on that count, there would have been a sufficient factual basis to find him guilty."

The magistrate judge then asked Thomas about counsel's explanation. Thomas responded affirmatively when asked if he was aware that the gun was there. He also said that the marijuana belonged to him. Thomas then reiterated that while the gun did not belong to him, he knew the gun was in the car at the time.

Following the change of plea hearing, Judge Long entered a Report and Recommendation on Plea of Guilty, recommending that the district judge accept the guilty plea. On September 26, 2016, United States District Judge Colin Stirling Bruce accepted the guilty plea, thereby adjudging Thomas guilty of the offenses.

The United States Probation Office then prepared a Revised Presentence Investigation Report ("PSR"). At the January 9, 2017 sentencing, the Court adopted the PSR. The "Offense Conduct" section of the PSR was consistent with the factual summary provided by Government counsel during the change of plea hearing.

The account detailed in the PSR stated that Thomas had fled a traffic stop on November 17, 2015, after crashing the vehicle he was driving. The passenger, Sonya Potisk, told officers "that she was going to buy cannabis from him."

Before Thomas was found, officers searched the white Chevrolet and recovered 99.5 grams of cannabis packaged for sale in 51 smaller baggies and a Smith & Wesson 9mm semi-automatic pistol bearing serial number PDX2651 within a backpack inside the car.

The PSR further states that following the stop, the owner of the white Chevrolet contacted police to report the vehicle stolen. The owner stated that he knew Thomas but did not give him permission to use the vehicle.

In later recorded jail telephone calls, Thomas asked his girlfriend to contact Ms. Potisk and "convince her to lie to police to say he was not driving the vehicle." In another recorded telephone call, Thomas "admitted that he did [the owner of the vehicle] a favor by totaling the car." Based on this information, Thomas received a two-level enhancement for obstruction of justice to his advisory guideline range calculation.

On January 9, 2017, Judge Bruce sentenced Thomas to a term of imprisonment of 93 months, consisting of 33 months on Counts 1 and 2 to be served concurrently and 60 months on Count 3, to be served consecutively to Counts 1 and 2. Judgment was entered on January 12, 2017. Thomas did not appeal.

Thomas claims that his § 2255 motion was placed in the prison mailing system on January 24, 2018. It was docketed on January 24, 2018. Based on Thomas's

assertion as to when the document was mailed, the Court assumes his motion was filed within one year of the Judgment becoming final fourteen days after its entry.

## II. DISCUSSION

Deandre Thomas asserts he was denied effective assistance of counsel by his attorney's failure to file a suppression motion challenging law enforcement's probable cause to seize movant at his home, remove him from private property and subject him to a "show-up" line-up. He also raises a supplemental ground concerning judicial bias.

<u>Legal standard</u>

A motion under § 2255 to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.

"[T]o prove ineffective assistance of counsel, [a petitioner] must show that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kirklin v. United States*, 883 F.3d 993, 996 (7th Cir. 2018) (internal quotation marks omitted). The presumption is that counsel advised his client effectively. *See Hutchings v. United States*, 618

F.3d 693, 696-97 (7th Cir. 2010). "Only if the petitioner comes forward with specific acts or omissions of his counsel that constitute ineffective assistance will we then consider whether these acts or omissions were made outside the wide range of professionally competent assistance." *Id*. at 697 (internal quotation marks omitted).

Thomas's ineffective assistance claim

(1)

In support of his claim under § 2255, Thomas alleges he was arrested without a warrant or probable cause when law enforcement removed him from his mother's home and took him to another location to conduct a "show-up" line-up. Thomas claims law enforcement had earlier attempted to conduct a traffic stop on a vehicle. The driver of the vehicle fled before police arrived. Law enforcement did not identify the suspect or determine the direction he fled. Thomas alleges that an "unknown female" was in the vehicle to buy drugs. The unknown female told law enforcement she believed the driver to be Thomas. She did not identify Thomas by name but gave authorities a nickname which closely resembled one associated with Thomas.

Thomas claims that law enforcement proceeded based only on this information to his mother's house which was approximately three blocks from where the car was recovered. He alleges police officers asked to speak to Thomas and

6

demanded he come out of the residence. Thomas states that he initially did not comply and asked why they wanted to speak to him. Thomas claims that law enforcement initially did not provide any information and once again insisted that he step out of the home. Once he stepped onto the porch, Thomas claims he was immediately arrested and handcuffed and taken to a "show-up" line-up several blocks away. Thomas was identified as the driver of the vehicle by the individual he identifies as the unknown female. Thomas alleges these invents formed the basis of his prosecution.

Thomas claims that he asked his attorney if there was any way to challenge the manner in which he was seized. He states counsel advised that if he were to challenge the legality of his arrest, it may result in an unfavorable sentence and/or treatment by the prosecution at the time of sentencing. Thomas further alleges counsel assured him he faced no more than five years imprisonment total and encouraged him to forego any suppression motions and enter an open plea.

(2)

To successfully allege ineffective assistance of counsel based upon the failure to file a motion to suppress, a petitioner must demonstrate that "there was both a reasonable probability that he would have prevailed on the motion to suppress and a reasonable probability that, if his confessions were suppressed, he would have been acquitted." *Bynum v. Lammon*, 560 F.3d 678, 685 (7th Cir. 2009) (citing *Strickland*

*v. Washington*, 466 U.S. 688, 694 (1984)). Thus, a petitioner must show that the motion to suppress would have been meritorious. *See United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005).

Thomas cannot establish there is a reasonable probability he would have prevailed on a motion to suppress. The record establishes there was ample probable cause to arrest Thomas on November 17, 2015. At the time, the officers knew that the driver of the vehicle had fled a traffic stop, crashed into another car, the driver had fled on foot toward the Falcon Way Apartments, the passenger identified the driver as D-Bo (who was known to law enforcement as Thomas), and the driver left behind a 9mm Smith & Wesson semi-automatic pistol and drugs.

The PSR and facts agreed to at the change of plea hearing provided that, while at the door of his residence, officers noticed Thomas was hiding behind the front door as officers spoke to his mother. Thomas seemed surprised and was breathing heavily. Based on these facts as alleged in the PSR and/or agreed to at the change of plea hearing, the Court concludes there was ample probable cause for Thomas's arrest.

Even based on Thomas's own recitation of facts as alleged in his § 2255 motion, the Court concludes he would not have been able to successfully challenge his arrest and the evidence that flowed therefrom. Thomas acknowledges that he eventually stepped out of the home and onto the porch, where he was arrested. When

a defendant exposes himself to an area that carries no expectation of privacy, such as standing in an open doorway while interacting with someone in a hallway, there is no Fourth Amendment violation if officers initiate an arrest of that defendant. *See United States v. Sewell*, 942 F.2d 1209, 1212 (7th Cir. 1991). Here, Thomas stepped into a public space completely aware of law enforcement's presence. Accordingly, any challenge to his arrest would have been unsuccessful.

(3)

The overriding concern regarding a show-up identification is whether the "identification possesses sufficient aspects of reliability." *See United States v. Newman*, 144 F.3d 531, 536 (7th Cir. 1998). Courts must assess the reliability of witness identifications by examining the "opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Id*.

All of the factors support the reliability of the identification. Prior to the stop, the pursuit and the crash, Potisk knew Thomas by his nickname and was in the passenger seat next to him because she intended to buy cannabis from him. This was not a chance encounter between the two individuals. Moreover, the record provides that police received Thomas's nickname from Potisk immediately after the

9

crash. The time between the crime and the confrontation was brief. While the record does not contain information regarding Postisk's level of certainty during the confrontation, Thomas was so concerned about Postisk's identification that he was recorded on a jail call hatching a plot to "convince her to lie to police and say that he was not driving the vehicle."

Based on the foregoing, the Court concludes that Potisk's identification was sufficiently reliable such that the Court would have denied any motion to suppress the identification. Accordingly, Thomas has not demonstrated there is a reasonable probability he would have prevailed on a motion to suppress.

(4)

The Court further finds Thomas failed to show a reasonable probability that suppression of his identification would have resulted in an acquittal. The evidence would still have shown that Postisk identified Thomas by his nickname, D-Bo, and that there was marijuana and a Smith & Wesson 9mm pistol within the car driven by Thomas. Accordingly, Thomas likely would have been convicted even without the show-up identification.

The Court concludes counsel's advice did not fall below an objective standard of reasonableness. Thomas's motion shows that counsel exercised professional judgment in accordance with the American Bar Association's model rules for attorney conduct. Counsel advised Thomas of the potential adverse consequences if

Thomas were to challenge the legality of his arrest. Counsel's response to Thomas's inquiry was neither a refusal to bring such a motion nor a lack of consideration of such a motion.

To the extent Thomas now claims counsel was ineffective by improperly advising him of the penalties, that argument also fails. During the plea colloquy, when Thomas was asked if anyone made any promises or assurances of any kind to get him to plead guilty, Thomas responded by saying "No sir."

Based on the foregoing, Thomas has not shown that counsel's representation fell below an objective standard of reasonableness. Therefore, his ineffective assistance of counsel claims fail.

Thomas's supplemental ground

Thomas sought to supplement his motion to allege an additional ground after learning that Judge Bruce had engaged in ex parte communications in other cases with employees of the United States Attorney's Office for the Central District of Illinois ("the Office"). Before he was appointed to the bench, Judge Bruce worked for 24 years as a federal prosecutor in the Office. There is no allegation that Judge Bruce engaged in ex parte communications in Thomas's criminal case.

Thomas claims it has been determined that Judge Bruce cannot be trusted to be fair because he either shows favoritism to his former colleagues in the Office or antipathy to criminal defendants. Thomas further asserts that it is impossible to

know how much of a role Judge Bruce's alleged bias against defendants played in determining his aggregate sentence of 93 months. He alleges he may have received a lesser sentence if he were before another judge. Accordingly, Thomas contends that a new sentencing hearing should be held in front of a different judge to ensure both the appearance and reality of fairness.

The Due Process Clause of the Fifth Amendment "requires a fair trial in a fair tribunal . . . before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (citations and quotation marks omitted). A defendant who is tried and convicted before a judge who is actually biased is entitled to another trial before an impartial judge. *See Edwards v. Balisok*, 520 U.S. 641, 647 (1997). However, "a litigant is not denied due process by either the 'appearance' of partiality or by circumstances which might lead one to speculate as to a judge's impartiality." *Del Vecchio v. Il. Dep't. of Corr.*, 31 F.3d 1363, 1372 (7th Cir. 1994). "To prove a disqualifying bias, a petitioner must offer either direct evidence or a possible temptation so severe that we might presume an actual, substantial incentive to be biased." *Franklin v. McCaughtry*, 398 F.3d 955, 960 (7th Cir. 2005). The bias must be "against the defendant or interest in the outcome of his particular case." *Bracy*, 520 U.S. at 905.

Thomas is unable to show a disqualifying bias. A general allegation that Judge Colin Bruce was biased against all criminal defendants does not warrant relief

under § 2255.  Significantly, there is no allegation Judge Bruce engaged in ex parte communications in Thomas's criminal case.  Thomas did not proceed to trial.  Thomas received a below-guidelines sentence, in part because the Court believed "that the Defendant's criminal history is over represented."  *See* Case No. 16-cr-20020, Doc. No. 24, at 3.  In sum, Thomas has presented no evidence of judicial bias in his case.  Accordingly, his supplemental ground for relief will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability.  Upon reviewing the entire record, the Court concludes that the Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).  Accordingly, the Court will deny a certificate of appealability.

<u>Ergo</u>, the Motion of Petitioner Deandre Thomas under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 1] is DENIED.

The Petitioner's Motion to Supplement his § 2255 Motion [d/e 10] is GRANTED.  The Court considered the Petitioner's Supplement.

The Clerk will terminate the Petitioner's Motion for Status [d/e 11].

The Petitioner's Motion to Renew Appointment of Counsel [d/e 13] is DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, the Court hereby denies Petitioner a certificate of appealability under Rule 11(a).

The Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

The Clerk will enter Judgment and close this case.

ENTER: February 14, 2020

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge